Lopez, J.
The plaintiff, Caldo J. Cristofori, Jr., suffered a back injury in February 1983, while working as a custodian for the Waltham Police Department. The plaintiffs Application for Accidental Disability Retirement Benefits was denied by the Retirement Board (Board) on three separate occasions for various reasons. The plaintiffs appeals to the Contributory Retirement Appeal Board (CRAB) have resulted in two reversals and remands to the Regional Medical Panel (Panel). Finally, on April 13,1993, over nine years after the plaintiffs initial application, CRAB affirmed the Board’s denial of benefits to the plaintiff.
Upon review of the administrative record pursuant to G.L.c. 30A, §14, the Court finds that the procedures of the administrative agency were unlawful, arbitrary and capricious. The plaintiff is, therefore, entitled to receive Accidental Disability Retirement Benefits.
BACKGROUND
Since April 22, 1964, the plaintiff had been employed by the City of Waltham as a full-time Building Custodian assigned to the Waltham Police Department. He injured his back while at work in 1972,1973, and 1974. In February 1983, the plaintiff again injured his back at work when a chair, on which he was seated, collapsed.
The plaintiff first applied for Accidental Disability Retirement Benefits in January 1984. The lengthy procedural history of plaintiffs application is of particular import here where the plaintiff effectively satisfied all the requirements for the receipt of benefits as early as 1987, but was ultimately denied benefits in 1993.
First Medical Panel Evaluation
The plaintiff was first evaluated by a Panel composed of three physicians on May 16, 1984. The Panel answered a three-part questionnaire on which they found that (1) the plaintiff was substantially unable to perform the duties of his job (disability); (2) his disability was not likely to be permanent (permanency); and (3) the disability might be the natural and proximate result of the accident on which retirement is claimed (causation). Based on these findings, the Wal-tham Retirement Board denied the plaintiffs application on June 22, 1984. Upon appeal to the Division of Administrative Law Appeals (DALA), the administrative magistrate found that the Panel applied an erroneous standard of permanency and recommended remanding the case to a new Panel. CRAB adopted the magistrate’s recommendation in part. CRAB remanded the case to the same Panel, on September 18, 1986, “with instructions to readdress the permanency issue” by applying the proper standard.
Second Medical Panel Evaluation
On June 3, 1987, the second Medical Panel, which included two of the same and one new member, re-examined the plaintiff and determined that his disability was permanent. They recorded their findings on a three-part questionnaire on which they left the causation question blank. Rather than accepting this limited finding, the Board requested in a letter dated August 6, 1987, that the Panel answer question 3 on the issue of causation. In doing this, the Panel reversed their earlier finding of causation.
In a letter dated September 10, 1987, Commissioner John McGlynn of the Division of Public Employee Retirement Administration recommended that the plaintiff had met the requirements for accidental disability, and commented that the Panel’s finding that the plaintiffs disability was not related to his job “must be disregarded since the causality question should not have been before the panel at that time.” Nevertheless, the Board voted on December 22, 1987 to deny benefits to the plaintiff. On appeal to DALA, the administrative magistrate agreed with the Commissioner and recommended awarding the plaintiff Accidental Disability Benefits. CRAB, however, remanded the entire case for reconsideration by a new Medical Panel. In a decision dated March 20, 1989, CRAB reversed and remanded the case citing “confusion” on the causation issue.
The plaintiff appealed the CRAB decision to the Superior Court on April 19, 1989. Eight months later, on December 13, 1989, the plaintiff entered into a Stipulation of Dismissal without Prejudice and without Costs or Attorney’s Fees.
Third Medical Panel Evaluation
A third Medical Panel examined the plaintiff on July 20,1989. They determined that he was not disabled, but “(t]here have been no recent diagnostic studies done and they would be helpful in better assessing his current complaints. Certainly, it is possible that the Panel might change its opinion relative to disability if the diagnostic studies so indicated.” However, the Panel found that his disability was ordinary and not accidental. They do not believe that “any trauma sustained at work [ . . . has] resulted in [the plaintiff] being permanently unable to resume the duties of building custodian.”
The Division of Public Employee Retirement Administration instructed the plaintiff to provide any additional diagnostic studies to the medical panel. The record contains medical evaluations of the plaintiff completed by five physicians and a physical therapist on various dates between July 1990 and July 1991. However, it is unclear whether these reports were ever submitted to the Panel for reconsideration of their finding.
*284 The plaintiffs application for benefits was denied by the Board on December 19,1990. This decision was affirmed by DALA on November 16,1992, and affirmed by CRAB on April 13, 1993. The plaintiff appealed the matter to the Superior Court on May 19, 1993.
DISCUSSION
G.L.c. 30A, §14(7) allows a reviewing court to reverse, remand, or modify the decision of an administrative agency if the plaintiffs rights have been prejudiced because the agency’s decision was made upon unlawful procedure, was arbitrary, capricious, or not in accordance with law. The appealing party bears the burden of demonstrating the decision’s invalidity. Merisme v. Board of Appeals on Motor Vehicle Liability Policies and Bonds, 27 Mass.App.Ct. 470, 474 (1989). In reviewing the agency decision, the court is required to give due weight to the agency’s experience, technical competence, specialized knowledge, and the discretionary authority conferred upon it by statute. Flint v. Comm’r of Public Welfare, 412 Mass. 416, 420 (1992); G.L.c. 30A, §14(7).
The central dispute here is whether the Board followed proper procedure in asking the Panel to reconsider the issue of causation where CRAB remanded the case for reconsideration exclusively on the issue of permanence.
In spite of the complicated proceedings which have been unnecessarily drawn out over the course of nine years, the resolution of this matter is relatively simple. The plaintiff was eligible to receive benefits on June 3, 1987 when the Panel determined that the plaintiffs disability was permanent. CRAB had remanded plaintiffs case to the Panel with unambiguous instructions to reconsider the single issue of permanency. The findings by the Panel of a permanent disability in accord with the remand and instructions from CRAB should have been combined with the findings of the first Panel on May 16, 1984 which found disability and causation. The result at that point would have been to award plaintiff benefits. By instructing the Panel to also reconsider the issue of causation, the Board went beyond the scope of CRAB’s remand and created a confusion which did not otherwise exist. Administrative agency proceedings must be rational and in accordance with the law. See G.L.c. 30A, §14(7). Here, the proceedings could not have been more irrational. The Panels thrice considered plaintiffs claim and, in each instance, answered one of the three questions differently.
Despite the recommendations by DALA and by the Commissioner that the plaintiff receive benefits resulting from the combined decisions of the first two Medical Panels, CRAB remanded the matter to the third Panel. Not only did this result in a dramatically different and newly unfavorable decision for the plaintiff, but the process was then extended an additional seven years and still continues.
The court finds that the plaintiffs entitlement to benefits was established by the first Panel, which found that the plaintiff had a non-permanent disability which was likely caused by his job, and by the second panel which, upon reconsideration, found the plaintiffs disability to be permanent.
ORDER
It is therefore ORDERED that the plaintiff, Caldo J. Cristofori, Jr., be awarded Accidental Disability Retirement Benefits.